# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MICHELLE P. WILBON,** | ) | **CASE NO. 1:19CV1661** |
| | ) | |
| *On Behalf of Herself and* | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| *All Others Similarly Situated,* | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **WARMLIVING HEALTH** | ) | |
| **CARE, LLC,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Plaintiff Michelle Wilbon brought this Fair Labor Standards Act collective action against Defendants on July 22, 2019. (Doc. 1). She alleges that Defendants misclassified her and others as independent contractors and, as a result, they did not collect overtime wages.

On November 6, 2019, the parties stipulated to the conditional certification of home care workers who were paid as independent contractors during the statutory period. (Doc. 15). The Court approved the parties' stipulation and set forth an initial order to govern the opt-in process. (Doc. 16). Specifically, the Court required Defendants to provide Plaintiff with a list of electronic information of all putative class members within ten days of the Order.

Plaintiff alleges Defendants failed to comply with the Court's order. And only after multiple demands did Defendants ever produce any responsive information. The information provided however, arrived in a piecemeal fashion. Because of this, Plaintiff believes there are additional class members that Defendants have failed to identify.

This struggle to obtain the identification of potential class members caused Plaintiff to file the current Motion. (Doc. 19). Specifically, Plaintiff requests that the Court enter an order

directed to Defendants to show cause why they failed to comply with the Court's Order. (*Id.*). Plaintiff also requests that the Court order: 1) Defendants to comply with the identification of class members; 2) Defendants to provide additional information Plaintiff sought in discovery; and 3) order a new opt-in period for the individuals Defendants failed to identify.

Despite Plaintiff's request pending for about two months, Defendants have not opposed Plaintiff's Motion. Therefore, the Court **GRANTS** Plaintiff's Motion, **IN PART**.

Specifically, the Court **ORDERS** the following:

1) Defendants shall accurately and truthfully identify and provide the name and last known home address (including zip code) of all putative class members that were previously required to be identified by the Court's November 14, 2019 Order. The putative class is defined as "[a]ll current and former home health aides of Defendants who were paid as independent contractors during one or more workweeks during the period of three years preceding the commencement of this action to the present" [July 22, 2016 – present];

2) Defendants shall provide this information by June 29, 2020;

3) Defendants shall certify in an Affidavit their compliance with this Order by June 29, 2020;

4) The opt-in period shall be extended for sixty additional days after Plaintiff receives the information identified in this Order; and

5) Should Defendants fail to comply with this Order, they may face additional sanctions, up to and including, Plaintiff's fees and costs for the Motion to Show Cause.

Finally, the Court **DENIES** Plaintiff's request to compel the additional information sought during discovery. Plaintiff may seek redress for any alleged discovery abuse through the Court's motion to compel practice.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: June 16, 2020**